

MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
INFORMATION SOCIETY PROJECT

July 28, 2017

**VIA ECF**

The Honorable Judge Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**RE: Seife v. Food and Drug Administration,** *et ano*, **No. 1:17 Civ. 03960 (S.D.N.Y. 2017).**

**Letter Motion to Reopen the Case**

Dear Judge Furman:

  We write with reference to the Court's July 27 order granting the parties' joint stipulation and directing the clerk to close the case. ECF No. 39. While the stipulation resolves plaintiff's motion for partial summary judgment on the issue of expedited processing, it does not resolve the entire case. We thus respectfully request the Court to direct the clerk to reopen the case.

  This Complaint in this FOIA case alleges more than a violation of the expedited processing provisions of the law; expedited processing was the only issue raised at the outset in plaintiff's motion for partial summary judgment. The Complaint also alleges a failure to disclose information in violation of FOIA, and that issue will not be ripe for adjudication until defendants disclose the requested records. *See* Complaint ¶¶ 75-76.

  As defendants produce records under the stipulated schedule, now entered by the Court, they already have made clear their intent to withhold information under several FOIA exemptions, including (b)(4) (confidential commercial information), (b)(5) (intra-agency deliberations), and (b)(6) (personal privacy). *See* 5 U.S.C. § 552(b) (FOIA exemptions). While plaintiff will not challenge redactions that appear justified, including redactions defendants have made to the Behr Chronology or the Jenkins memo, he may well dispute other redactions and withholdings of entire documents. Because the issue of the propriety of defendants' withholding of information falls squarely within the scope of this lawsuit, it is appropriate for the case to remain open until these issues can be resolved.

  Further, under FOIA a government agency must pay reasonable attorneys' fees to a substantially prevailing party. *Id.* § 552(a)(4)(E). This determination, too, cannot fully be made



MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
INFORMATION SOCIETY PROJECT

until the records are disclosed and any redaction disputes resolved. *See e,g., Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009).

Plaintiff respectfully requests the case be reopened so that these issues framed by the Complaint can be addressed and resolved.

Respectfully submitted,

Media Freedom Information Access Clinic[1]

By: Cortelyou Kenney
Cortelyou Kenney
Margaret McCarthy
Darius Fullmer, Law Student Intern
Abrams Institute for Freedom of Expression
Yale Law School
P.O. Box 208215
New Haven, CT 06520
Tel: (203) 432-9387
cortelyou.kenney@yale.edu
margaret.e.mccarthy@yale.edu

David A. Schulz
321 West 44th Street, Suite 1000
New York, NY 10036
Tel: (212) 850-6100
Fax: (212) 850-6299
dschulz@lskslaw.com

Counsel for Plaintiff

cc:  Counsel of record

---

[1] This letter has been prepared by the Media Freedom and Information Access Clinic, a program of the Abrams Institute for Freedom of Expression at Yale Law School. Nothing in this letter should be construed to represent the institutional views of the law school, if any.